**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Silvino IBARRA–MURIETTA, aka
Jose Silvino Ortiz–Castaneda,
Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Jose Silvino Ibarra–Murietta, aka
Jose Silvino Ortiz–Castaneda,
Defendant–Appellant.**

**Nos. 12–50265, 12–50266.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2013.*

Filed Aug. 20, 2013.

David Daniel Leshner, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Keith H. Rutman, Law Offices of Keith H. Rutman, San Diego, CA, for Defendant–Appellant.

Before: GRABER, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Jose Silvino Ibarra–Murietta appeals from the district court's judgment and challenges the 87–month sentence imposed following his guilty-plea conviction for assault on a federal officer, in violation of 18 U.S.C. § 111; and being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. He also appeals from the 24–month sentence imposed following revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in imposing Ibarra's 87–month sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See id.*

The district court also did not abuse its discretion in imposing the 24–month sentence upon revocation of supervised release. *See id.* Contrary to Ibarra's contention, the sentence is substantively reasonable and the district court properly considered Ibarra's prior violent crimes in assessing the need to protect the public from further crimes. *See* 18 U.S.C. § 3583(e).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.